AO 241
(Rev. 01/15)

## PETITION UNDER 28 USC § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District<br>Southern District of Ohio |
|---|---|
| Name (under which you were convicted):<br>Jermaine A. Moore | Docket or Case No.<br>1:17-cv-51 |
| Place of Confinement<br>Lebanon Correctional Institution<br>3791 State Route 63<br>Lebanon, Ohio 45036 | Prisoner No.<br>689-895 |
| Petitioner (include the name under which you were convicted)<br><br>Jermaine A. Moore | Respondent (authorized person having custody of petitioner<br><br>Tom Schweitzer, Warden, Lebanon Correctional Institution |
| The Attorney General of the State of: Ohio<br>Mike DeWine | |

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging  <u>Montgomery County Court of Common</u>

   <u>Pleas, 41 N. Perry Street, Dayton, Ohio 45422</u>

   (b) Criminal docket or case number (if you know)  <u>13CR39</u>

2.  (a) Date of the judgment of conviction (if you know)  <u>October 29, 2013</u>

   (b) Date of sentence  <u>October 29, 2013</u>

3.  Length of sentence  <u>28 years to life - Murder, fifteen years to life; ten years for repeat-violent-offender specifications; three</u>

   <u>years for merged firearm specifications to be served consecutively to repeat-violent-offender specification.</u>

4.  In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case  <u>1 count of murder, Ohio Rev. Code Ann.</u>

   <u>§2903.02(B), with firearm specification, Ohio Rev. Code Ann. § 2941.145; and repeat-violent-offender specification, Ohio</u>

   <u>Rev. Code §Ann. 2941.149.</u>

   6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty           ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty              ☐ (4) Insanity plea

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

   _____

   _____

   (c) If you went to trial, what kind of trial did you have? (Check one)

   ☒ Jury           ☐ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?
   Yes ☒       No ☐

AO 241
(Rev. 01/15)

8.  Did you appeal from the judgment of conviction?

        Yes ☒          No ☐

9.  If you did appeal, answer the following:

    (a)    Name of court  Court of Appeals of Ohio, Second District, Montgomery County

    (b)    Docket or case number (if you know)  Court of Appeals Case No. 25590

    (c)    Result  The judgment of the trial court was affirmed.

    (d)    Date of result (if you know)  April 3, 2015

    (e)    Citation to the case (if you know)  *State v. Moore*, 2d Dist. No. 13CR39, 2015-Ohio-1327

    (f)    Grounds raised  (1) It was error to allow the State to admit Appellant's jail telephone calls to the jury without sufficient authentication under Civ.R. 901(b) (5).  (2) The trial court's allowance of an additional peremptory challenge or "do over" following Appellant's successful *Batson* challenge, was error.  (3) It was error to instruct the jury on aiding and abetting when the evidence was insufficient to establish complicity to felonious assault, aggravated robbery or murder.  (4) The trial court's imposition of consecutive sentences was error.

    (g)    Did you seek further review by a higher state court?    Yes ☒     No ☐

          If yes, answer the following:

          (1) Name of court  Supreme Court of Ohio

          (2) Docket or case number (if you know)  Supreme Court of Ohio Case No. 2015-0778

          (3) Result   Jurisdiction declined

          (4) Date of result (if you know)  November 10, 2015 (initial); January 20, 2016 (timely reconsideration denied).

          (5) Citation to the case (if you know)  *11/10/2015 Case Announcements*, 2015-Ohio-4663; *1/26/2016 Case Announcements*, 2016-Ohio-172.

          (6) Grounds raised  A party who engages in racial discrimination, in challenging a prospective juror during jury selection, forfeits that challenge.

    (h)    Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐    No ☒

          If yes, answer the following:

          (1) Docket or case number (if you know)

          (2) Result

          (3) Date of result (if you know)

          (4) Citation to the case (if you know)

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?     Yes ☒   No ☐

AO 241
(Rev. 01/15)

11. If your answer to Question 10 was "Yes," give the following information:

    (a)    (1)   Name of court  Court of Appeals of Ohio, Second District, Montgomery County

           (2)   Docket or case number (if you know)  Court of Appeals Case No. 25590.

           (3)   Date of filing (if you know)  June 15, 2015.

           (4)   Nature of the proceeding  Application to Reopen (Appellate Rule 26(B)).

           (5)   Grounds raised  Ineffective assistance of counsel.

           (6)   Did you receive a hearing where evidence was given on your petition, application or motion?
               Yes ☐  No ☒

           (7)   Result  Application denied.

           (8)   Date of result (if you know)  August 14, 2015.

    (b)    If you filed any second petition, application, or motion, give the same information:

           (1)   Name of court

           (2)   Docket or case number (if you know)

           (3)   Date of filing (if you know)

           (4)   Nature of the proceeding

           (5)   Grounds raised

           (6)   Did you receive a hearing where evidence was given on your petition, application, or motion?
               Yes ☐  No ☐

           (7)   Result

           (8)   Date of result (if you know)

AO 241
(Rev. 01/15)

   (c)    If you filed any third petition, application, or motion, give the same information:

        (1)    Name of court _____

        (2)    Docket or case number (if you know) _____

        (3)    Date of filing (if you know) _____

        (4)    Nature of the proceeding _____

        (5)    Grounds raised _____

                        _____

                        _____

                        _____

        (6)    Did you receive a hearing where evidence was given on your petition, application, or motion?

             Yes    ☐        No    ☐

        (7)    Result _____

                        _____

                        _____

        (8)    Date of result (if you know) _____

                        _____

   (d)    Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

        (1)  First petition    Yes  ☐   No  ☒

        (2)  Second petition  Yes  ☐   No  ☐

        (3)  Third petition   Yes  ☐   No  ☐

   (e)    If you did not appeal to the highest state court having jurisdiction, explain why you did not _____

                        _____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

    **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

AO 241
(Rev. 01/15)

**GROUND ONE:**

(a)    Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.)

See pages 14 and 15, attached.

(b)    If you did not exhaust your state remedies on Ground One, explain why:   Ground One is exhausted.

(c)    **Direct Appeal of Ground One:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?  Yes ☒    No ☐

(2)  If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☐   No ☒

(2)  If your answer to Question (d)(1) is "Yes", state:

Type of motion or petition

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know)

Date of the court's decision

Result (attach a copy of the court's opinion or order, if available)

(3)  Did you receive a hearing on your motion or petition?                          Yes ☐    No ☐

(4)  Did you appeal from the denial of your motion or petition?                  Yes ☐    No ☐

(5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  Yes ☐    No ☐

AO 241
(Rev. 01/15)

(6)  If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed _____

_____

Docket or case number (if you know) _____

Date of the court's decision _____

Result (attach a copy of the court's opinion or order, if available) _____

_____

_____

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue _____

_____

(e)  **Other Remedies**  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One _____

_____

_____

_____

**GROUND TWO:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.)

_____

_____

_____

_____

(b)  If you did not exhaust your state remedies on Ground Two,  explain why: _____

_____

_____

(c)  **Direct Appeal of Ground Two:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?    Yes ☐    No ☐

(2)  If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

_____

AO 241
(Rev. 01/15)

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☐    No ☐

(2) If your answer to Question (d)(1) is "Yes", state:

Type of motion or petition _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know)_____

Date of the court's decision _____

Result (attach a copy of the court's opinion or order, if available) _____

_____

(3) Did you receive a hearing on your motion or petition?                    Yes ☐    No ☐

(4) Did you appeal from the denial of your motion or petition?            Yes ☐    No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    Yes ☐    No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed _____

_____

Docket or case number (if you know) _____

Date of the court's decision _____

Result (attach a copy of the court's opinion or order, if available) _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue _____

_____

(e) **Other Remedies** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground Two _____

_____

_____

_____

AO 241
(Rev. 01/15)

**GROUND THREE:**

(a)   Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.)

_____

_____

_____

_____

_____

(b)   If you did not exhaust your state remedies on Ground Three,  explain why: _____

_____

_____

(c)   **Direct Appeal of Ground Three:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?   Yes ☐    No ☐

(2)  If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

_____

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes ☐    No ☐

(2)  If your answer to Question (d)(1) is "Yes", state:

Type of motion or petition _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know)_____

Date of the court's decision _____

Result (attach a copy of the court's opinion or order, if available) _____

_____

(3)  Did you receive a hearing on your motion or petition?                    Yes ☐    No ☐

(4)  Did you appeal from the denial of your motion or petition?              Yes ☐    No ☐

(5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   Yes ☐    No ☐

(6)  If your answer to Question (d)(4) is "Yes," state:

AO 241
(Rev. 01/15)

Name and location of the court where the appeal was filed _____

_____

Docket or case number (if you know) _____

Date of the court's decision _____

Result (attach a copy of the court's opinion or order, if available) _____

_____

_____

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue _____

_____

(e)  **Other Remedies**  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground Three _____

_____

_____

_____

**GROUND FOUR:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.)

_____

_____

_____

_____

(b)  If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

(c)  **Direct Appeal of Ground Four:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?   Yes ☐   No ☐

(2)  If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

(9)

AO 241
(Rev. 01/15)

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☐   No ☐

(2)  If your answer to Question (d)(1) is "Yes", state:

Type of motion or petition _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know)_____

Date of the court's decision _____

Result (attach a copy of the court's opinion or order, if available) _____

_____

(3)  Did you receive a hearing on your motion or petition?                Yes ☐   No ☐

(4)  Did you appeal from the denial of your motion or petition?           Yes ☐   No ☐

(5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   Yes ☐   No ☐

(6)  If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed _____

_____

Docket or case number (if you know) _____

Date of the court's decision _____

Result (attach a copy of the court's opinion or order, if available) _____

_____

_____

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue _____

_____

(e)  **Other Remedies**  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground Four _____

_____

_____

_____

AO 241
(Rev. 01/15)

13.    Please answer these additional questions about the petition you are filing:

(a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?

Yes ☒   No ☐

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

_____

_____

_____

(b)   Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or

grounds have not been presented, and state your reasons for not presenting them: No.

_____

_____

_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge

in this petition?          Yes ☐   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the

date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion

or order, if available. _____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment

you are challenging?    Yes ☐   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

_____

_____

16.    Give the name and address, if know, of each attorney who represented you in the following stages of the judgment you are
challenging:

(a)   At preliminary hearing   N/A _____

_____

(b)   At arraignment and plea   N/A _____

_____

(11)

AO 241
(Rev. 01/15)

(c)     At trial  <u>Vincent P. Popp, 435 Shadowlawn Ave., Dayton, Ohio  45419.</u>

(d)     At sentencing  <u>Vincent P. Popp, 435 Shadowlawn Ave. Dayton, Ohio  45419.</u>

(e)     On appeal  <u>Michael Cash Thompson, 5 North Williams Street, Dayton, Ohio  45407.</u>

(f)     In any post-conviction proceeding  <u>N/A</u>

(g)     On appeal from any adverse ruling in a post-conviction proceeding  <u>N/A</u>

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?

     Yes ☐   No ☒

(a)  If so, give name and location of court that imposed the other sentence you will service in the future  _____

(b)  Give the date the other sentence was imposed  _____

(c)  Give the length  of the other sentence  _____

(d)  Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?

     Yes ☐   No ☐

18.     TIMELINESS OF PETITION:  If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.[*]

_____

[*] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)  A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

AO 241
(Rev. 01/15)

Therefore, petitioner asks that the Court grant the following relief:

A conditional writ of habeas corpus that orders the Ohio courts to retry Mr. Moore in accordance with his rights under the United States Constitution, or, any other relief to which Mr. Moore may be entitled.

/s/ Terrence K. Scott
Signature of Attorney (if any)
Terrence K. Scott #0082019

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Execute (signed) on _____ (date).

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Petitioner is represented by counsel.

#477401

AO 241
(Rev. 01/15)

**15. Ground for relief.**

**Ground One:** **A party who engages in racial discrimination, in challenging a prospective juror during jury selection, forfeits that challenge.**

Supporting Facts:

Jermaine A. Moore was found guilty of felonious assault, aggravated robbery, and two counts of murder, each with a firearm specification. After a bench trial, the trial court found him guilty of a repeat-violent-offender specification for each of the offenses, as well as having weapons while under disability. The trial court merged the offenses into one count of murder, merged the firearm specifications, and merged the repeat-violent-offender specifications. The court sentenced Mr. Moore to an aggregate sentence of 28 years to life in prison. The events leading up to those offenses are not pertinent to this petition. What is pertinent to this petition are the events that occurred during voir dire.

As voir dire concluded, the parties convened in chambers to discuss the selection of jurors. Two prospective jurors were excused, one for cause, and another due to financial hardship. The State dismissed prospective jurors with its first, second, and third peremptory challenges, without objection. Of defense counsel's three peremptory challenges, counsel used the first and second and passed on the third. Defense counsel made a *Batson* challenge and objected to the State's final peremptory challenge. The objection was sustained, and the prospective juror remained on the jury.

There was a discussion between the parties as to whether the State could exercise a peremptory challenge on another prospective juror or whether the State had forfeited its fourth peremptory challenge. Ultimately, the trial court allowed the State to exercise an additional challenge on another prospective juror.

The trial court reasoned "that the use of the peremptory challenge as to that particular individual juror was on the basis of race based criteria is improper[.] I believe it would be

(14)

AO 241
(Rev. 01/15)

appropriate for me to go ahead and allow the State to have a fourth peremptory provided that it

obviously cannot be used as to" the improperly challenged juror.

Defense counsel objected to the trial court's ruling, arguing that since the State's fourth

peremptory challenge was invalid, the State should not be given a "do over" with another

peremptory challenge.  Despite trial counsel's arguments, the trial court permitted the State to

dismiss another prospective juror.  Defense counsel passed on its final peremptory challenge.

On appeal, Mr. Moore argued that the trial court's decision resulted in a fifth peremptory

strike.  Ultimately, the Second District ruled that

> …it was within the trial court's discretion to determine, based on
> the circumstances before it whether the peremptory challenge that
> was invalidated under *Batson* was forfeited or, alternatively, the
> State could re-exercise the challenge, provided that it does not
> exercise it in a discriminatory fashion.  We therefore conclude that
> the trial court did not abuse its discretion in finding that the State
> did not exercise its peremptory challenge when the trial court ruled
> that the challenge was unlawful under *Batson* and reinstated the
> challenged prospective juror.  Accordingly, the State was not
> improperly provided a fifth peremptory challenge, in violation of
> Crim.R. 24(D).

Contrarily, in her dissenting opinion, Judge Donavan held that the State exercised its final

peremptory challenge in a discriminatory manner.  Its final strike was exercised under Crim.R.

24(D).  The State did something, it gambled and lost.  The language of the rule does not require a

"successful exercise" of the challenge.

The Second District's opinion in *Moore* has incentivized the inappropriate use of

peremptory challenges.  That is, the State's discriminatory behavior was without consequence

other than that juror remained on the panel.  But that was not a penalty – it was what was right in

the first place.